UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PAUL T. BAILET-STONER,

    Plaintiff,

    v.

LISA SALCIDO, ELAINA CAMAS, MARIA EGLACIAS, and PRODUCT DEVELOPMENT CORPORATION,

    Defendants.

No. 2:17-cv-1108-JAM-EFB PS

ORDER

Plaintiff seeks leave to proceed *in forma pauperis* pursuant to 28 U.S.C. 1915.[1] His declaration makes the showing required by 28 U.S.C. §1915(a)(1) and (2). *See* ECF No. 2. Accordingly, the request to proceed *in forma pauperis* is granted. 28 U.S.C. § 1915(a).

Determining that plaintiff may proceed *in forma pauperis* does not complete the required inquiry. Pursuant to § 1915(e)(2), the court must dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. As discussed below, plaintiff's complaint states a potentially cognizable Title VII claim against Product Development Corporation, but fails to state any other claim for relief.

---

[1] This case, in which plaintiff is proceeding *in propria persona*, was referred to the undersigned under Local Rule 302(c)(21). *See* 28 U.S.C. § 636(b)(1).

1

Although pro se pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), a complaint, or portion thereof, must be dismissed for failure to state a claim if it fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)); *see also* Fed. R. Civ. P. 12(b)(6). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id*. (citations omitted). Dismissal is appropriate based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Under this standard, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). A pro se plaintiff must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

Additionally, a federal court is a court of limited jurisdiction, and may adjudicate only those cases authorized by the Constitution and by Congress. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). The basic federal jurisdiction statutes, 28 U.S.C. §§ 1331 & 1332, confer "federal question" and "diversity" jurisdiction, respectively. Federal question jurisdiction requires that the complaint (1) arise under a federal law or the U. S. Constitution, (2) allege a "case or controversy" within the meaning of Article III, § 2 of the U. S. Constitution, or (3) be authorized by a federal statute that both regulates a specific subject matter and confers federal jurisdiction. *Baker v. Carr*, 369 U.S. 186, 198 (1962). To invoke the court's diversity jurisdiction, a plaintiff must specifically allege the diverse citizenship of all parties, and that the

matter in controversy exceeds $75,000. 28 U.S.C. § 1332(a); *Bautista v. Pan American World Airlines, Inc.*, 828 F.2d 546, 552 (9th Cir. 1987). A case presumably lies outside the jurisdiction of the federal courts unless demonstrated otherwise. *Kokkonen*, 511 U.S. at 376-78. Lack of subject matter jurisdiction may be raised at any time by either party or by the court. *Attorneys Trust v. Videotape Computer Products, Inc.*, 93 F.3d 593, 594-95 (9th Cir. 1996).

The complaint appears to allege that plaintiff was terminated from his employment at Product Development Corporation on the basis of ethnicity. ECF No. 1 at 4-5. Plaintiff claims that Maria Eglacias, a manager with PDC, notified him that "the Mexicans were like her family . . . and she was keeping them [employed] instead of the Americans," including plaintiff. *Id*. at 5. Plaintiff further alleges that defendant Elaina Comas, also a manager, repeatedly told him "that the Mexicans could keep working and [plaintiff] could not (race)." Plaintiff was also allegedly informed that if he ever wanted to work for PDC again he would need to sleep in his car without pay. *Id*. at 4. Appended to the complaint is a Notice of Right to Sue issued by the Equal Employment Opportunity Commission, which, in conjunction with plaintiff's allegations, suggests that he is attempting to allege a claim under Title VII of the Civil Rights Act of 1964. *Id*. at 7-8.

Title VII prohibits employment discrimination based on race, color, religion, sex, or national origin. 42 U.S.C. § 2000e–2(a). A person suffers disparate treatment when he is "singled out and treated less favorably than others similarly situated on account" of his membership in a protected class. *McGinest v. GTE Serv. Corp.*, 360 F.3d 1103, 1121 (9th Cir. 2004) (internal quotations omitted). Here, plaintiff's complaint, when liberally construed, states a Title VII claim against his former employer, defendant Product Development Corporation. However, his Title VII claims against defendants Lisa Salcido, Maria Eglacias, and Elaina Comas, who are all managers at Product Development Corporation, must be dismissed. "Under Title VII, there is no personal liability for employees, including supervisors." *Greenlaw v. Garrett*, 59 F.3d 994, 1001 (9th Cir. 1995); *see also Craig v. M & O Agencies, Inc.*, 496 F.3d 1047, 1058 (9th Cir. 2007) ("We have long held that Title VII does not provide a separate cause

/////

3

of action against supervisors or co-workers."). Accordingly, plaintiff fails to allege a Title VII claim against the individual defendants.

The complaint also makes multiple references to "fair housing." *See* ECF No. 1 at 4 ("I was asked to sleep in my car without hourly pay like the Mexicans they kept working (fair housing."); 5 ("Rigt [sic] to fair housing in work place + Racism in work place."). Given the allegation in the complaint, plaintiff may be attempting to assert a discrimination claim under California's Fair Employment and Housing Act ("FEHA"), but this is not clear from the complaint. *See Guz v. Bechtel Nat'l Inc.*, 24 Cal.4th 317, 354 (2000) (discrimination claims under the FEHA are analyzed under the same framework as Title VII claims). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. *Jones v. Community Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff's references to "fair housing" are insufficient to provide notice to defendants as to whether he is asserting a FEHA claim.

For these reasons, plaintiff may either proceed only on the potentially cognizable Title VII claim against defendant Product Development Corporation or he may amend his complaint to attempt to cure the complaint's deficiencies. Plaintiff is not obligated to amend his complaint. However, should he choose to so, the amended complaint must clearly set forth the allegations against each defendant and shall specify a basis for this court's subject matter jurisdiction. Any amended complaint shall plead plaintiff's claims in "numbered paragraphs, each limited as far as practicable to a single set of circumstances," as required by Federal Rule of Civil Procedure 10(b), and shall be in double-spaced text on paper that bears line numbers in the left margin, as required by Eastern District of California Local Rules 130(b) and 130(c). Any amended complaint shall also use clear headings to delineate each claim alleged and against which defendant or defendants the claim is alleged, as required by Rule 10(b), and must plead clear facts that support each claim under each header.

Additionally, plaintiff is informed that the court cannot refer to prior pleadings in order to make an amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself. This is because, as a general rule, an amended complaint supersedes the

original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Accordingly, once plaintiff files an amended complaint, the original no longer serves any function in the case. Therefore, "a plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint," *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981), and defendants not named in an amended complaint are no longer defendants. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Finally, the court cautions plaintiff that failure to comply with the Federal Rules of Civil Procedure, this court's Local Rules, or any court order may result in a recommendation that this action be dismissed. *See* E.D. Cal. L.R. 110.

Accordingly, IT IS ORDERED that:

1. Plaintiff's request for leave to proceed *in forma pauperis* (ECF No. 2) is granted.

2. The allegations in the complaint are sufficient to state a potentially cognizable Title VII claim against defendant Product Development Corporation. All other claims and defendants are dismissed with leave to amend within 30 days of service of this order. Plaintiff is not obligated to amend his compliant if he wishes to proceed only on the Title VII claim against defendant Product Development Corporation.

3. The Clerk of Court shall send plaintiff one USM-285 form, one summons, a copy of the complaint, this court's scheduling order, and the forms providing notice of the magistrate judge's availability to exercise jurisdiction for all purposes.

4. Plaintiff is advised that the U.S. Marshal will require:

    a. One completed summons;

    b. One completed USM-285 form for defendant Product Development Corporation;

    c. A copy of the complaint for Product Development Corporation, with an extra copy for the U.S. Marshal; and,

    d. A copy of this court's scheduling order and related documents for each Product Development Corporation.

5. Plaintiff shall supply the United States Marshal, within 14 days from the date this order is filed, all information needed by the Marshal to effect service of process, and shall, within 14

days thereafter, file a statement with the court that said documents have been submitted to the United States Marshal.

6. The U.S. Marshal shall serve process, with copies of this court's scheduling order and related documents, within 90 days of receipt of the required information from plaintiff, without prepayment of costs. *The United States Marshal shall, within 14 days thereafter, file a statement with the court that said documents have been served.* If the U.S. Marshal is unable, for any reason, to effect service of process on any defendant, the Marshal shall promptly report that fact, and the reasons for it, to the undersigned.

7. The Clerk of Court shall serve a copy of this order on the United States Marshal, 501 "I" Street, Sacramento, CA 95814 (tel. 916-930-2030).

8. Failure to comply with this order may result in a recommendation that this action be dismissed.

DATED: May 31, 2018.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

6